IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRYTIME MEDICAL DEVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CERTUS CRITICAL CARE, INC.,<br><br>Defendant. | C.A. No. 23-060-JLH |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss (D.I. 9). Defendant's motion is GRANTED.

1. This case was previously assigned to U.S. District Judge Richard G. Andrews. On April 5, 2023, he referred Defendant's Motion to Dismiss (D.I. 9) to me in my former capacity as a U.S. Magistrate Judge. (D.I. 12.) I held a hearing on the motion on November 3, 2023. At the conclusion of the hearing, I issued a Report and Recommendation that recommended that the motion be granted. (D.I. 20.) Plaintiff filed objections to the Report and Recommendation, and Defendant responded. (D.I. 22, 25.) On January 4, 2024, I became a District Judge, and on January 9, 2024, the case was reassigned to me. Defendant's motion remained pending at the time of the reassignment.

2. For the reasons announced from the bench at the conclusion of the November 3, 2023 hearing, Counts I (False Advertising under 15 U.S.C. § 1125(a)) and II (Unfair Competition

under 15 U.S.C. § 1125(a)) are dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1]

3. The remaining claims are state law claims. The parties are not diverse. For the reasons announced from the bench at the conclusion of the hearing, the Court declines to exercise jurisdiction over the remaining state law claims, in accordance with 28 U.S.C. § 1367(c)(3).

4. Plaintiff is granted leave to amend within 14 days.

Dated: May 31, 2024

_____
Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[1] In coming to this conclusion, I have conducted a *de novo* review of the Report and Recommendation, and I have fully considered Plaintiff's objections on the merits.

Plaintiff has cited no authority supporting the proposition that an allegedly false website statement that a non-marketed product is entering a regulatory approval process falls within the scope of § 1125(a)(1)(B). Plaintiff cites the Tenth Circuit's opinion in *Proctor & Gamble Co. v. Haugen*, 222 F.3d 1262 (10th Cir. 2000), which concluded that "the plain language meaning of ['commercial activities'] encompasses 'commercial transactions' or all activities surrounding the peculiar 'commerce' of a company, defined as 'the exchange or buying and selling of commodities.'" *Id.* at 1271¬72 (statement that a competitor directs its profits from the sale of its household goods to the church of Satan could be an actionable misrepresentation about the competitor's "commercial activities" under § 1125(a)(1)(B)). But even accepting the Tenth Circuit's definition of "commercial activities," I am unpersuaded that the Report and Recommendation was incorrect in its determination that Defendant's statement on its website that a product that is not on the market "'is entering the FDA approval process' . . . does not reasonably fall within the statute's proscription of misrepresenting," in commercial advertising or promotion in connection with goods and services, "the nature, characteristics, qualities, or geographic origin of the company's commercial activities." (D.I. 21 at 34.) *See* 15 U.S.C. § 1125(a)(1)(B) ("Any person who, . . . in connection with any goods or services, . . . uses in commerce any word, term, name, . . . or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which— . . . (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his . . . goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.").

To the extent it is necessary, Plaintiff's objections are OVERRULED. To the extent it is necessary, the Court's reference of all pre-trial proceedings to a Magistrate Judge (D.I. 12, 19) is WITHDRAWN.